IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM C. SANTOS | : CIVIL ACTION |
| v. | : NO. 09-548 |
| MICHAEL J. ASTRUE, Commissioner of Social Security | : |

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                               SEPTEMBER 29, 2009

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 9), defendant's response thereto (Doc. No. 13), the court makes the following findings and conclusions:

1. On December 12, 2004, William C. Santos ("Santos"), filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI respectively of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f. (Tr. 66; 236). Throughout the administrative process, including an administrative hearing held on September 18, 2007, before an ALJ, Santos' claims were denied.[1] (Tr. 14-22; 261-304). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Santos filed his complaint in this court on February 11, 2009. (Tr. 4-6; Doc. No. 3).

2. In his October 26, 2007 decision, the ALJ concluded, *inter alia*, that Santos: (1) had severe impairments consisting of a bilateral foot disorder, residuals of a right hand injury, a right knee disorder, a cognitive disorder, impaired language ability and a depressive disorder; and non-severe impairments consisting of back pain and headaches; (2) his impairments did not meet or equal a listing; (3) he had the residual functional capacity ("RFC") for a restricted range of sedentary work; (4) he could perform a significant number of jobs in the regional and national economies; and (5) he was not disabled. (Tr. 15 ¶¶ 2-5; 19 ¶ 2; 21 Findings 2 & 4; 22 Findings 9-11).[2]

3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] During the hearing, Santos abandoned his Title II claim and amended his onset date to December 12, 2004. (Tr. 263-64).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

4. Santos contends that the ALJ legally erred by failing to address the testimony of his mother. I agree, and as a result, the case must be remanded for further consideration. An ALJ must explain why he or she rejected lay witness testimony. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). For over twenty-five years, it has been the position of the Third Circuit that an ALJ must "at least [ ] state that he found a witness not credible before wholly disregarding his testimony." Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983). Santos' mother testified on his behalf at the September 18, 2007 hearing. (Tr. 288-292). However, in his decision, while assessing the credibility of Santos and his doctors, the ALJ did not also assess the credibility of, or the bolstering effect of, Santos' mother's testimony. According to Third Circuit precedent, this is an error which requires a remand. See Burnett, 220 F.3d at 122; Van Horn, 717 F.2d at 873-74.

One might be very tempted to consider this oversight as harmless error, reasoning that the ALJ discounted the mother's testimony for the same reasons that he discounted Santos' testimony. Nevertheless, the Third Circuit has forestalled the argument that it is harmless error to fail to acknowledge repetitive testimony since such additional testimony may bolster the claimant's testimony and entitle it to greater weight. Burnett, 220 F.3d at 122. Therefore, the case must be remanded to the ALJ so that he may explicitly consider Santos' mother's testimony.

There is some theoretical chance that the ALJ could change his mind regarding Santos' impairments and alleged disability based on Santos' mother's testimony. Therefore, it is unnecessary to address Santos' other contentions that: (1) the ALJ failed to give proper weight to the opinions of his treating doctors; and (2) the RFC and hypothetical question did not incorporate all of his medically determinable limitations.

5. I conclude that this case must be remanded to the ALJ in order for him to assess and explain the weight given to Santos' mother's testimony. A new hearing is not necessary, unless the ALJ decides that, due to the mother's testimony, his RFC and hypothetical questions posed to the VE should be amended.

An appropriate Order follows.

2